UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

PAUL ALLEN ANDERSON,

    *Petitioner*

v.

UNITED STATES OF AMERICA,

    *Respondent.*

    _____/

CRIM. CASE NO: 1:13-cr-20704
CIVIL CASE NO: 1:16-cv-13496
DISTRICT JUDGE THOMAS L. LUDINGTON
MAGISTRATE JUDGE PATRICIA T. MORRIS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON PETITIONER'S 28 U.S.C. § 2255 MOTION
TO VACATE, SET ASIDE, OR CORRECT SENTENCE and RESPONDENT'S
MOTION TO DISMISS**
(Docs. 185, 190)

## I. RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that Petitioner's motion to vacate (Doc. 185) be **DENIED** and that Respondent's motion to dismiss (Doc. 190) be **GRANTED.**

## II. REPORT

On September 10, 2013, Petitioner was charged in a criminal complaint with conspiracy to distribute heroin and cocaine in violation of 21 U.S.C. § 846 and 841(a)(1). (Doc. 1.) Petitioner was detained pending trial. (Doc. 12.) On September 25, 2013, Petitioner was indicted and charged with conspiracy to possess with intent to distribute and to distribute cocaine base, cocaine, and heroin in violation of 21 U.S.C. § 846 and 841(a)(1)(Count 1), three individual counts of possession with intent to distribute cocaine and heroin in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A)(Counts 2, 5-6) and use of a communication facility in facilitation the commission of a felony under the controlled substance act in violation of 21 U.S.C. § 843(b)(Count 8). A

Superseding Indictment was filed on April 9, 2014, which changed the amounts involved in the conspiracy but the charges against Petitioner did not change. (Doc. 68.) From June 13, 2014 through June 17, 2014, a jury trial was held. However, on June 18, 2014, Petitioner's trial was terminated and he pleaded guilty to all Counts of the superseding indictment in exchange for a three level reduction for acceptance of responsibility. (Doc. 92.) The agreement contained a waiver of his right to appeal his conviction and sentence and a waiver of his right to collaterally attack his conviction and sentence under § 2255. (*Id.*) Trial counsel was permitted to withdraw, new counsel was appointed, and a motion to withdraw his plea was denied. (Docs. 121, 122, 127, 147.)

Petitioner was sentenced on June 9, 2015 and judgment entered on June 11, 2015, committing Petitioner to the Bureau of Prisons for 292 months (Counts 1 and 2), 240 months (Counts 5 and 6) and 48 months (Count 8) all to be served concurrently. (Doc. 151 at 3.) Petitioner appealed and on June 16, 2015, the Sixth Circuit granted appellate counsel's motion to withdraw. (Doc. 155.) On October 5, 2015, the Sixth Circuit granted the government's motion to dismiss based on Petitioner's waiver of his right to appeal, concluding that Petitioner's plea was entered into knowingly and voluntarily and finding that his claim that he was promised a ten year sentnece was belied by his testimony at the plea hearing that no promises had been made to him other than those contained in the plea agreement. (Doc. 173.) On September 27, 2016, Petitioner filed the instant motion to vacate sentence. (Doc. 185.) On October 11, 2016, Respondent filed a motion to dismiss Petitioner's motion to vacate sentence. (Doc. 190.) Petitioner responded on November 8, 2016. (Doc. 192.)

Petitioner states, as his statement of the issues, that he "Bring's Violation's of the fifth, fourteenth, sixth amendments to the united states Constitution and laws of the United States, the

2

Appropriate action would be to awaken this court with the fact that this non-frivolous Petition sets forth Brady materials, ineffectiveness of counsel, also Government Misconduct violation's The Recond contain's indication that the plea bargain cannot waive petitioner's right to collaterally attack the conviction and sentence since it was not safe guarded and the record indicates the petition's counsel's error's and the Government Misconduct were indeed serious." (Doc. 185 at 14.) Petitioner complains that he did not know what his guidelines were, did not understand the consequences of his pleaded guilty, that his attorney-client privilege was violated by jail calls being recorded, that he did not receive Brady information, that the government should not have changed the dates of the alleged conspiracy, and that his motion to withdraw his plea was improperly denied. (Doc. 185 at 14-35.)

"It is well settled that a defendant in a criminal case may waive 'any right, even a constitutional right,' by means of a plea agreement." *United States v. Fleming*, 239 F.3d 761, 763-64 (6th Cir. 2001) (quoting *United States v. Ashe*, 47 F.3d 770, 775-76 (6th Cir. 1995)); *accord United States v. Calderon*, 388 F.3d 197, 199 (6th Cir. 2004). Thus, the Sixth Circuit has "held that a defendant's informed and voluntary waiver of the right to collaterally attack a conviction and sentence is enforceable." *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007); *accord Davila v. United States*, 258 F.3d 448, 450 (6th Cir. 2001) (noting that "plea-agreement waivers of § 2255 rights are generally enforceable"). However,

> [I]n cases where a defendant argues that his plea was not knowing or voluntary, or was the product of ineffective assistance of counsel under *Hill v. Lockhart*, 474 U.S. 52, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1989), it would be entirely circular for the government to argue that the defendant has waived his right to an appeal or a collateral attack when the substance of his claim challenges the very validity of the waiver itself.

*Acosta*, 480 F.3d at 422. Nevertheless, "Enforcing appeal waivers makes good sense as well. A waiver of appellate rights gives a defendant a means of gaining concessions from the government. The government benefits too, by saving the time and money involved in arguing appeals." *United States v. Toth*, 668 F.3d 374, 379 (6th Cir. 2012) (citations omitted). Therefore, as long as the plea was knowing and voluntary, and not the product of ineffective assistance of counsel, the appellate and collateral attack waiver will be enforced. *Id.*

Here, although Petitioner may be arguing that his plea was not knowing, due to ineffective assistance of counsel, the Sixth Circuit noted his testimony at the plea hearing and expressly held that his plea was made knowingly and voluntarily and that the appellate waiver should be enforced. (Doc. 173 at 3.) The same analysis applies as to his collateral attack waiver and compels that the waiver be enforced.

Accordingly, I recommend that Respondent's motion to dismiss be granted and that Petitioner's motion to vacate be denied.

### III. <u>REVIEW</u>

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others,

will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  May 31, 2017               S/ PATRICIA T. MORRIS
                                  Patricia T. Morris
                                  United States Magistrate Judge


**CERTIFICATION**

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record.  A copy was also sent via First Class Mail to Paul Allen Anderson #48988-039 at Coleman Medium Federal Correctional Institution, Inmate Mail/Parcels, P.O. Box 1032, Coleman, FL 33521.

Date: May 31, 2017                By s/Kristen Castaneda
                                  Case Manager

5