UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

PAUL ALLEN ANDERSON,

        Petitioner,                    Crim. No. 13-cr-20704-02
                                                  Civ. No. 16-cv-13496

v.                                              Honorable Thomas L. Ludington
                                              Magistrate Judge Patricia T. Morris

UNITED STATES OF AMERICA,

        Respondent.
_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION, DENYING MOTION TO VACATE, GRATING MOTION TO DISMISS, DENYING CERTIFICATE OF APPEALABILITY AND DENYING LEAVE TO APPEAL IN FORMA PAUPERIS**

On June 18, 2014, after six days of trial, Petitioner Anderson pled guilty to conspiracy to possess with intent to distribute and to distribute cocaine base, cocaine, and heroin in violation of 21 U.S.C. § 846 and 841(a)(1), three individual counts of possession with intent to distribute cocaine and heroin in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A), and use of a communication facility in facilitation of the commission of a felony under the controlled substance act in violation of 21 U.S.C. § 843(b). ECF No. 92. In exchange for his plea, Petitioner received a three level reduction for acceptance of responsibility. *Id.*

The rule 11 plea agreement contained a waiver of Petitioner's right to appeal his conviction or sentence and a waiver of his right to collaterally attack his conviction or sentence under 28 U.S.C. 2255. *Id.* On June 9, 2015, Petitioner was sentenced to concurrent prison terms of 292 months (counts I and II), 240 months (counts V and VI), and 48 months (count VIII). ECF No. 151. Petitioner moved to withdraw his guilty plea, which was denied. ECF Nos. 127, 147. Petitioner appealed on June 16, 2015. ECF No. 149. The Government's motion to dismiss

the appeal based on the waiver was granted, and the Sixth Circuit concluded that the plea was entered into knowingly and voluntarily. ECF No. 173. Petitioner filed the instant motion to vacate under 28 U.S.C. § 2255 on September 27, 2016. ECF No. 185. The government filed a motion to dismiss on October 11, 2016. ECF No. 190. The matter was referred to Magistrate Judge Patricia T. Morris, who issued a report recommending that motion to vacate be denied, and that the motion to dismiss be granted. ECF No. 197. Petitioner filed objections to the report and recommendation. ECF No. 200.

**I.**

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a magistrate judge's report and recommendation. *See* Fed. R. Civ. P. 72(b)(2). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). De novo review requires at least a review of the evidence before the magistrate judge; the Court may not act solely on the basis of a magistrate judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the magistrate judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the

magistrate judge. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id.*

## II.

Petitioner raises one objection[1]: that Judge Morris did not address the impact of his claim for ineffective assistance of counsel on the validity of his waiver of appellate and collateral remedies. Rather, he contends Judge Morris relied on the express finding by the Sixth Circuit that the waiver was enforceable and the plea agreement was entered into knowingly and voluntarily. Judge Morris found that "the same analysis applies to his collateral attack waiver and compels that the waiver be enforced."

"A waiver of appeal rights may be challenged on the grounds . . . of ineffective assistance of counsel." *United States v. Toth*, 668 F.3d 374, 377 (6th Cir. 2012) (quoting *In re Acosta*, 480 F.3d 421, 422–23 (6th Cir. 2007)). A claim of ineffective assistance of counsel "goes to the validity of [the] waiver." *Acosta*, 480 F.3d at 422. Thus, it would be "entirely circular for the government to argue that defendant has waived his right to appeal or collateral attack when the substance of the claim challenges the very validity of the waiver itself." *Id.*

A claim for ineffective assistance of counsel requires the petitioner to show that his counsel's representation fell below an objective standard of reasonableness, and that there is a

---

[1] He raises two objections labeled "response to objection no. 1" and "response to objection no. 2," but both objections address the same issue.

reasonable probability that but for his counsel's errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668 (1984). This two prong test applies to guilty plea challenges based on ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52 (1985). To satisfy the prejudice prong of *Strickland* when challenging the validity of a guilty plea, a petitioner must show that, but for his counsel's errors, he would have not pled guilty and insisted on going to trial. *Id.*

### III.

In his motion to vacate, Petitioner asserts the following errors giving rise to his claim of ineffective assistance of counsel: the prosecution recorded privileged jail-house phone calls between Petitioner and his attorney; his counsel failed to seek exclusion of illegally obtained evidence; his counsel failed to show him discovery regarding letters which proclaimed his innocence; his counsel misrepresented his guideline range and promised him a ten-year sentence.

### A.

Petitioner does not explain how an intrusion on confidential communications deprived him of effective assistance of counsel or prejudiced him. The Petitioner states as follows:

> Attorney Escobedo Failed to disclose the fact of the government Violated Rule 502 Attorney-Client Privilege where the government listened to attorney-client Privilege Jail Calls where the government found out that Anderson was actually incarcerated during the periods of the conspiracy in which the government says the conspiracy started. The government construct amended the indictment and changed dates, times, quantities of drugs, and changes in witness testimony to convict Anderson.

Mot. to Vacate at PGID 2332, ECF No. 185.

Thus, Petitioner suggests that the prosecution amended the indictment when they learned for the first time that he was incarcerated during the beginning of the conspiracy. Even assuming Petitioner's statement is true, and he was denied effective assistance of counsel based on an

intrusion into attorney-client communications, he does not articulate how that intrusion undermines the validity of his plea and waiver. That is, he does not bridge the gap between that intrusion and his decision to sign a plea agreement and waiver.

**B.**

Petitioner does not clearly articulate what fourth amendment violations he suffered, how his counsel failed to address those violations, or how he was prejudiced by them.

**C.**

Petitioner also claims his counsel withheld discovery from him. He makes several references to a letter allegedly written by his co-defendant which he believes proclaimed his innocence. *Id.* at PGID 2330–34. He asserts that he did not receive sufficient discovery from his counsel concerning the letter and an expert's examination regarding the authorship of the letter. His contentions are belied by the trial record. The trial transcript reveals that the letter was discussed at length on the record over the course of two days. This included testimony by his co-defendant Mr. Williams regarding the letter, as well as an extended discussion between counsel and the court (without the presence of the jury) regarding the letters' contents, admissibility, and expert Goff's examination of the letter regarding its authorship. *See* Trial Tr. at 153–275 ECF No. 167; Trial Tr. at 283–323, ECF No. 168. Petitioner does not identify what additional information he needed to know about the letter that his counsel failed to furnish to him or how that information would have impacted his decision to accept a plea and waive his right to appellate and collateral remedies.

**D.**

Petitioner also contends that his counsel misrepresented his guideline range to him, and that he was promised a lower sentence. Mot. to Vacate at PGID 2331, 2335. Petitioner made the

same assertion in his motion to withdraw his plea. ECF No. 127. The Court found that this contention was belied by his testimony at the plea hearing that no promises were made to him other than those contained in the plea agreement, and that his contention was contradicted by the testimony of his trial attorney. Order Deny. Mot. Withdraw at 6–9, 16–17, ECF No. 147. The Court found that his plea was knowing and voluntary. The Sixth Circuit made the same finding and affirmed the denial of his motion to withdraw. ECF No. 173. On this basis, Judge Morris found that his motion to vacate must be denied. Rep. and Rec. at 4, ECF No. 197.

Petitioner's basis for challenging Judge Morris's report and recommendation is that his sixth amendment ineffective assistance of counsel claim was never addressed. However, the same factual issue necessary to prevail on his ineffectiveness assistance of counsel claim has already been resolved against him. He was not misled regarding his potential sentence. This issue was raised in his motion to withdraw his plea and it was fully briefed. A hearing was held on April 27, 2015, and his motion was denied. He appealed that decision and his appeal was dismissed on the government's motion. Reasserting the same argument in the context of a motion to vacate for ineffective assistance of counsel does not change the fact that this argument has been resolved against him.

**E.**

Thus, Petitioner has failed to show that his counsel's representation fell below an objective standard of reasonableness. Nor has he shown a reasonable probability that, but for his counsel's alleged errors, he wouldn't have pled guilty and waived his rights to appellate and collateral remedies. *Strickland v. Washington*, 466 U.S. 668 (1984); *Hill v. Lockhart*, 474 U.S. 52 (1985). Petitioner has not shown that his plea agreement was the product of ineffective assistance of counsel or was not knowing and voluntary. *See United States v. Toth*, 668 F.3d 374,

379 (6th Cir. 2012). Furthermore, Petitioner has identified no factual issues to be explored at an evidentiary hearing. Accordingly, Petitioner's objections will be overruled, Judge Morris's report and recommendation will be adopted, and Petitioner's motion to vacate will be denied.

**F.**

Before the petitioner may appeal this Court's dispositive decision, a certificate of appealability must be issued. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R.App. P. 22(b). A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell,* 537 U.S. 322, 327 (2003). In applying that standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. § 2254.

Having considered the matter, the Court concludes that the petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability is not warranted in this case. The Court further concludes that Petitioner should not be granted leave to proceed *in forma pauperis* on appeal, as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

## IV.

Accordingly, it is **ORDERED** that Petitioner's objections to the report and recommendation, ECF No. 200, are **OVERRULED**.

It is further **ORDERED** that the Magistrate Judge's report and recommendation, ECF No. 197, is **ADOPTED**.

It is further **ORDERED** that Petitioner's motion to vacate, ECF No. 185, is **DENIED**.

It is further **ORDERED** that the government's motion to dismiss the motion to vacate, ECF No. 190, is **GRANTED.**

It is further **ORDERED** that a certificate of appealability is **DENIED.**

It is further **ORDERED** that leave to proceed *in forma pauperis* on appeal is **DENIED**.

                                                s/Thomas L. Ludington
                                                THOMAS L. LUDINGTON
                                                United States District Judge

Dated: December 27, 2017

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 27, 2017.

                        s/Kelly Winslow
                        KELLY WINSLOW, Case Manager