UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

                        Plaintiff,

v.                                                          Case No. 13-20704-02
                                                            Honorable Thomas L. Ludington

PAUL ANDERSON,

                        Defendant.
_____/

**ORDER DENYING WITH PREJUDICE DEFENDANT'S MOTION FOR
COMPASSIONATE RELEASE**

Defendant Paul Anderson pled guilty to five counts of conspiracy, possession, and

distribution charges regarding cocaine, cocaine base, and heroin. ECF No. 92. On June 11, 2015

he was sentenced to a total term of 292 months incarceration. ECF No. 151. His motion to vacate

his sentence under 28 U.S.C. § 2255 was denied. ECF Nos. 185, 197, 201, 202. On September 21,

2020 Defendant filed a motion for compassionate release. ECF No. 210. The Government timely

responded. ECF No. 211. For the following reasons, his motion will be denied with prejudice.

**I.**

Defendant seeks a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) which

provides:

> The court may not modify a term of imprisonment once it has been imposed
> except…upon motion of the Director of the Bureau of Prisons, or upon motion of
> the defendant after the defendant has fully exhausted all administrative rights to
> appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf
> or the lapse of 30 days from the receipt of such a request by the warden of the
> defendant's facility, whichever is earlier, may reduce the term of imprisonment…
> after considering the factors set forth in section 3553(a) to the extent that they are
> applicable, if it finds that…extraordinary and compelling reasons warrant such a
> reduction…and that such a reduction is consistent with applicable policy statements
> issued by the Sentencing Commission

18 U.S.C. § 3582(c)(1)(A).

The statute provides three inquires that must be addressed in resolving Defendant's motion for compassionate release. First, whether Defendant fully exhausted his administrative remedies with the Bureau of Prisons (the "BOP"). Second, whether a sentence reduction is warranted in consideration of the factors set forth in 18 U.S.C. § 3553. Finally, whether "extraordinary and compelling reasons warrant such a reduction" and whether the reduction is consistent with the applicable Sentencing Commission policy statements. Each inquiry will be addressed in turn.

**A.**

As explained in the statute, before a court may consider an inmate's request for a reduced sentence under 18 U.S.C. § 3582, the inmate must first exhaust their administrative remedies with the Bureau of Prisons ("BOP") or wait 30 days after making such a request. The Sixth Circuit has explained that:

> By creating a compassionate-release option in the First Step Act, Congress gave inmates an option to seek early release on health grounds. The seriousness of COVID-19 and its spread in many prisons make it all the more imperative that the prisons have authority to process these applications fairly and with due regard for the seriousness of each inmate's risk. Free-floating exceptions to the rule, available to anyone willing to go to federal court first, will not help that cause.

*United States v. Alam*, 2020 WL 2845694, at *4 (6th Cir. June 2, 2020).

Defendant included a copy of the Warden's denial of his request for compassionate release. ECF No. 210 at PageID.2447. The Government agrees Defendant exhausted his administrative remedies. ECF No. 211 at PageID.2469. Defendant has met this requirement.

**B.**

The next consideration is whether the sentence reduction is warranted under the factors of 18 U.S.C. § 3553(a). They are as follows:

- 2 -

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed--

>   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

>   (B) to afford adequate deterrence to criminal conduct;

>   (C) to protect the public from further crimes of the defendant; and

>   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for--

>   (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines…

(5) any pertinent policy statement…

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

Defendant's underlying offense is for participation in a drug conspiracy. He pled guilty to conspiracy to possess with intent to distribute and to distribute cocaine base, cocaine, and heroin; possession with intent to distribute cocaine base, aiding and abetting; distribution of heroin; distribution of cocaine; and use of a communication facility in facilitating the commission of a felony. ECF No. 151. Drug trafficking is a serious crime. The Government argues that Mr. Anderson "conspired to distribute more than 3.57 kilograms of heroin, 4.97 kilograms of cocaine and 4.97 kilograms of cocaine base." ECF No. 211 at PageID.2465. He was indicted for his leadership in a "drug distribution group in Cheboygan and Petoskey, Michigan." *Id.* at PageID.2466. Additionally, according to his Presentence Investigation Report, Defendant was previously convicted of breaking and entering a vehicle, larceny in a building, driving while

license suspended twelve times, larceny four times, theft of motor vehicle fuel, retail fraud twice, attempt receiving and concealing stolen property, disguise ID, disorderly conduct twice, malicious destruction of fire or police property, resisting and obstructing, malicious use of communications device, and operating while intoxicated. Furthermore, as explained below in Section I.C.2., Defendant poses a danger to others and the community due to his history of violent offenses.

A consideration of the § 3553 factors indicates that Defendant is not entitled to a sentence reduction.

## C.

The next inquiry to be resolved in addressing Defendant's motion for compassionate release are whether "extraordinary and compelling reasons warrant such a reduction" and whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Sentencing Commission promulgates the United State Sentencing Guidelines ("U.S.S.G."). The applicable policy statement is found in U.S.S.G. § 1B1.13 which provides:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment…if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that--
>
> (1)(A) Extraordinary and compelling reasons warrant the reduction;…
>
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) The reduction is consistent with this policy statement.

U.S.S.G. 1B1.13. Defendant's situation does not present extraordinary and compelling reasons for a sentence reduction. Additionally, he has not demonstrated that he is not a danger to the safety of others.

**1.**

The commentary of the policy statement provides additional guidance about which circumstances qualify as having extraordinary and compelling reasons. It provides in relevant part:

[E]xtraordinary and compelling reasons exist under any of the circumstances set forth below:

(A) Medical Condition of the Defendant.--

(i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii) The defendant is--

(I) suffering from a serious physical or medical condition,

(II) suffering from a serious functional or cognitive impairment, or

(III) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of the Defendant.--The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances.--

(i)     The death or incapacitation of the caregiver of the defendant's minor child or minor children.

(ii)    The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons.--As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other

than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13.

Defendant asks this Court to "consider his compromising health condition," including "just one enlarged kidney and diagnosed with chronic asthma." ECF No. 210 at PageID.2436 [sic]. Defendant also argues that BOP's inability to handle the outbreak of COVID-19 and its lack of transparency regarding the virus are extraordinary and compelling reasons to reduce his sentence. ECF No. 210 at PageID.2441. Defendant's medical situation does not qualify as "compelling and extraordinary" under subsection (A) of the policy statement commentary. He does not represent that his conditions, either individually or collectively, are terminal. Defendant has, at most, alleged a generalized risk of developing serious COVID-19 symptoms. A "generalized risk of contracting COVID-19 and potentially developing the more severe symptoms is not akin to the type of 'extraordinary and compelling reasons' justifying compassionate release." *United States v. Peaks*, No. 16-20460, 2020 WL 2214231, at *2 (E.D. Mich. May 7, 2020); *see also United States v. Brown*, No. 19-20202, 2020 WL 2812776, at *4 (E.D. Mich. May 29, 2020) ("Without satisfactory evidence that Defendant's asthma is moderate to severe, and without additional risk factors, the Court cannot conclude that Defendant's conditions of confinement currently expose him to a risk of a dire outcome from COVID-19."). The U.S.S.G. policy statement does not provide relief based on potential health risks. Instead, a defendant must have an actual medical condition or a terminal illness. Accordingly, Defendant's present circumstance does not satisfy subsection (A).

Defendant's situation does not qualify as "compelling and extraordinary" under subsection (B) of the policy statement commentary because he is 39 years old.

Defendant also seeks to be released because his father has been adjudicated to be legally incapacitated. However, the policy statement does not specifically consider the incapacitation of a

- 6 -

parent as a reason for compassionate release. Additionally, Defendant alleges his father was determined to be legally incapacitated in February 27, 2019. If Defendant were truly seeking to be released to care for his elderly father, then he would not have waited until September 2020 to file his motion for compassionate release. Therefore, he does not qualify under subsection (C) because he is not seeking release in order to care for a spouse or child.

Defendant has not demonstrated that "compelling and extraordinary" circumstances exist meriting his compassionate release.

**2.**

The policy statement further directs the Court to consider the factors in 18 U.S.C. § 3142 in determining whether the defendant would not be a danger to others or the community. The § 3142 factors are:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including--
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release…

18 U.S.C.A. § 3142.

In support of his motion, Defendant states he has accepted responsibility "and is deeply remorseful for the decisions he made as a young man." ECF No. 210 at PageID.2442. He continues that "[h]e has demonstrated it since the time he spent in prison to turn his life around." *Id.* However, consideration of the above factors supports the conclusion that Defendant would be a danger to others and the community if released early. According to his Presentence Investigation Report, while this is Defendant's first controlled substance conviction, his criminal history includes malicious destruction of fire or police property, resisting and obstructing, and operating while intoxicated. Additionally, the instant offense involved approximately 3.57 kilograms of heroin, 4.97 kilograms of cocaine, and 4.97 kilograms of cocaine base. ECF No. 211 at PageID.2467. He has also violated his probation and parole multiple times. *Id.* at PageID.2468. BOP records indicate two violations for refusing to obey an order and one for accessing an unauthorized area. "The concern about safety is to be given a broader construction than the mere danger of physical violence. Safety of the community refers to the danger that the defendant might engage in criminal activity to the detriment of the community." *United States v. Cook*, 880 F.2d 1158, 1161 (10th Cir. 1989) (internal quotation marks omitted). "[D]rug trafficking is a serious offense that, in itself, poses a danger to the community." *United States v. Stone*, 608 F.3d 939, 947 (6th Cir. 2010).

Finally, Defendant has not offered a compelling reentry plan. He argues he would "be residing with his fiance's [sic] and kids and will have employment waiting for him." ECF No. 210 at PageID.2443. However, he does not explain if his plan would differ from his living conditions that preceded the underlying offense or how he plans to seek gainful employment. Defendant's repeated criminal offenses, especially those of a violent nature, demonstrate that Defendant would be a danger to others and the community if he were to be released early.

## II.

Accordingly, Defendant's Motion for Compassionate Release, ECF No. 210, is **DENIED WITH PREJUDICE**.

Dated: October 14, 2020

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and to **Paul Allen Anderson** #48988-039, COLEMAN MEDIUM FEDERAL CORRECTIONAL INSTITUTION, Inmate Mail/Parcels, P.O. BOX 1032, COLEMAN, FL 33521 by first class U.S. mail on October 14, 2020.

s/Kelly Winslow
KELLY WINSLOW, Case Manager